IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-06001-CR-W-HFS |
| | ) | |
| PAUL L. MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the court is defendant's Motion for Compassionate Release under 18 U.S.C. § 3582. (Doc. 35). For the following reasons, the motion is denied.

The defendant seeks the remaining balance of his 33-month sentence[1] for four counts of making a false statement in the acquisition of a firearm and two counts of possession of a firearm while previously convicted of misdemeanor domestic violence reduced to home confinement based upon extraordinary and compelling reasons.

---

[1] Defendant's expected release date is March 21, 2021.

1

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense of offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. United States v. Dickerson, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020).

The government first responds that defendant has not exhausted his administrative remedies because he did not meet the 30-day exhaustion requirement as required by 18 U.S.C. § 3582(c)(1)(A). See United States v. Raia, 954 F.3d 594 (3d Cir. 2020) ("strict

compliance with statute's exhaustion requirement required.) Defendant did not respond to this argument, and thus, the motion may be denied for this reason alone.

Moreover, defendant has not identified extraordinary and compelling reason to grant his early release. The defendant makes no mention of a medical condition, his age, or family circumstances to argue for a sentence reduction to home confinement under U.S.S.G. §1B1.13. The defendant only alleges that "demonstrated rehabilitation . . . shows he is no longer a threat to the community," as an "other reason" under U.S.S.G. § 1B1.13.

The Government does not dispute the accomplishments the defendant has made in prison, as listed and documented in his motion (Doc. 35), are laudable. However, rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for a reduction of a term of imprisonment. (U.S.S.G. § 1B1.13 Commentary n.3; 28 U.S.C. § 944(t).) See, e.g. , United States v. Richard Lanning, No.14-00133-CR-W-HFS ( W.D. Mo. Sept.14, 2020) .

For these reasons, Defendant's motion is DENIED. (Doc. 35).

**SO ORDERED.**

S/ HOWARD F. SACHS
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

November **24**, 2020
Kansas City, Missouri